UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY EUGENE LEWIS,

     Plaintiff,

  v.

PRISON LITIGATION REFORM ACT'S THREE STRIKES RULE,

     Defendant.

Case No. C22-5066-DGE-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff Anthony Eugene Lewis ("Plaintiff") is currently confined at the Western State Hospital ("WSH"). On February 3, 2022, Plaintiff, proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff's proposed complaint, though unclear, appears to take exception to the Prison Litigation Reform Act's ("PLRA") "three-strikes rule." (*See* dkt. # 1-1 at 4-9.) However, there are deficiencies concerning Plaintiff's motion to proceed IFP and proposed complaint submissions. Having considered Plaintiff's submissions, the balance of the record, and the governing law, the Court recommends that Plaintiff's motion to proceed IFP (dkt. # 1) be DENIED.

REPORT AND RECOMMENDATION - 1

## II.     DISCUSSION

Plaintiff has filed at least four cases in this District that were dismissed as frivolous, or for failure to state a claim, and were counted as strikes pursuant to 28 U.S.C. § 1915(g). The PLRA's "'three-strikes' rule prohibits a prisoner from filing an action [IFP] if he has accumulated three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

Relevant to this matter, this Court recently recommended denial of Plaintiff's IFP application in *Lewis v. Lewis, et al.*, Case No. C21-1308-RSL-MLP, dkt. # 4.[1] In that case, this Court took notice that in *Lewis v. King County, et al.*, Case No. C19-1601-RSM, the Honorable Brian A. Tsuchida found Plaintiff had incurred more than three strikes. *Id.*, dkt. # 4. Specifically, Judge Tsuchida found:

> A review of the Court's records reflects that at least three of the cases plaintiff has filed while incarcerated were dismissed as frivolous or for failure to state a claim: [1] *Lewis v. United States Surgeon General*, C19-878-MJP (W.D. Wash.), dismissed July 9, 2019; [2] *Lewis v. King County Department of Risk Management*, Case No. C18-1798-RSM (W.D. Wash.), dismissed February 22, 2019; [3] *Lewis v. King County*, Case. No. C09-1039-RSL (W.D. Wash.), dismissed February 8, 2010; [and 4] *Lewis v. Seattle Police Dep't*, Case No. C01-1246-JCC (W.D. Wash.), dismissed January 23, 2002.
>
> In addition, this court has previously determined that plaintiff has received at least three strikes for purposes of § 1915(g) and denied plaintiff IFP status as a three-strikes litigant: [1] *Lewis v. King County*, Case No. C19-1295-MJP-MAT (W.D. Wash), recommendation of dismissal filed September 20, 2019; [2] *Lewis v. King County*, Case No. C19-797-JCC (W.D. Wash.), dismissed July 12, 2019;

---

[1] On November 8, 2021, the Honorable Robert S. Lasnik adopted this Court's Report and Recommendation. *Lewis v. Lewis, et al.*, Case No. C21-1308-RSL-MLP, dkt. # 6.

REPORT AND RECOMMENDATION - 2

[and 3] *Lewis v. Vail*, Case No. C10-267-RSL (W.D. Wash), dismissed May 11, 2010.

*Lewis v. King County, et al.*, Case No. C19-1601-RSM, dkt. # 4 at 2; *see also id.*, dkt. # 7 (adopting Report and Recommendation).

Because Plaintiff has accumulated more than three strikes, he may only proceed IFP if his complaint contains "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (citations and internal quotations omitted); *see also id.* at 1050 n.11 (courts may reject assertions of imminent danger that are conclusory and overly speculative). To show a danger that is "imminent," a prisoner must plausibly allege that the danger is "ongoing." *Id.* at 1056. "A prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception" *Id.* at 1056-57 (citations omitted).

Here, Plaintiff has not plausibly alleged "imminent danger" to proceed IFP. It appears that Plaintiff's proposed complaint takes exception to the PLRA's "three strikes rule" (*See* dkt. # 1-1 at 4-9). Nevertheless, because Plaintiff has incurred at least three strikes due to his previous litigation, Plaintiff's ability to file IFP is covered by the rule. *See Andrews*, 493 F.3d at 1055. To that end, Plaintiff's proposed complaint appears to argue that in at least two of his previously filed cases, he stated a clear claim of imminent "First Amendment danger."[2] (*Id.* at 4-5 (citing *Lewis v. U.S. Treasury, et al.*, Case No. C21-1513-JCC-SKV; *Lewis v. Dep't of Soc. & Health Servs.*, Case No. C21-1568-BJR-SKV.) Plaintiff additionally submits that on November 30,

---

[2] Both of the IFP applications in Plaintiff's cited cases were either denied, or recommended to be denied and pending adoption of a Report and Recommendation, based on Plaintiff's failure to demonstrate "imminent danger." *See Lewis v. U.S. Treasury, et al.*, Case No. C21-1513-JCC-SKV, dkt. ## 6 at 3, 12 (adopting Report and Recommendation); *Lewis v. Dep't of Soc. & Health Servs.*, Case No. C21-1568-BJR-SKV, dkt. # 5 at 4-5.

REPORT AND RECOMMENDATION - 3

2021, he was allegedly assaulted with a police shield by WSH security for refusing COVID-19 testing, and that on December 19, 2021, he was hit in the face with a cardboard food tray by another patient at WSH. (*Id.*)

Based on the allegations in Plaintiff's proposed complaint, it appears Plaintiff argues he is in "imminent danger" based on previous allegations of "First Amendment danger" in two previously filed cases and because he remains committed to the WSH involuntarily due to his mental health. (*See* dkt. #1-1 at 5-6.) However, Plaintiff's allegations of "First Amendment danger" from his previously filed cases fail to articulate a plausible allegation—in this case—that he faced imminent danger of serious physical injury at the time of filing of this case. *See Andrews*, 493 F.3d at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."). Furthermore, Plaintiff fails to demonstrate that an assault he allegedly faced as a result of refusing COVID-19 testing at WSH in November 2021, or an alleged assault from another WSH inpatient in December 2021, remains ongoing or evidences a pattern of misconduct signifying the likelihood of imminent serious physical injury.[3] *See id.* at 1056. Accordingly, this Court concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $52.00 administrative fee (for a total of $402.00).

### III.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's IFP motion (dkt. # 1) be denied under 28 U.S.C.§ 1915(g). The Court further recommends that Plaintiff be directed to pay

---

[3] The Court additionally notes that Plaintiff's proposed complaint fails to identify a viable defendant under § 1983, and therefore, is otherwise subject to dismissal on that basis. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (finding that to state a claim under § 1983, a plaintiff must show: "(1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a *person* acting under color of state law." (emphasis added)).

REPORT AND RECOMMENDATION - 4

the filing fee within **thirty (30)** days of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 25, 2022**.

The Clerk is directed to send copies of this order to Plaintiff and to the Honorable David G. Estudillo.

Dated this 4th day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5